## SUPREME COURT.

FREDERICK R. FARWELL *et al.*, respondents, agt. WILLIAM E. FURNISS, appellant.

*Attachment — When the threat of a debtor that he will make a preferential assignment, furnishes no ground for the issue of an attachment.*

Where the grounds of the allowance of an attachment was that the defendant was disposing of, or was about to assign and dispose of his property with intent to defraud his creditors, and those grounds were sought to be supported by threats alleged to have been made by defendant, that if sued he would make a preferential assignment of his property, in which case those prosecuting him would get nothing on their claims. In connection with such threats his insolvency was stated with an offer to the plaintiff to compromise at fifteen per cent.

*Held*, that the attachment was improperly granted. The facts stated are insufficient to charge a debtor with an intent to defraud his creditors (*The case of Anthony* agt. *Stype*, 19 *Hun*, 268, *explained*).

*Third Department, General Term, May,* 1884.

*Before* LEARNED, *P. J.,* BOCKES *and* BOARDMAN, *JJ.*

*Louis Hasbrouck,* for appellant, argued that the facts stated were not sufficient to charge a debtor with an intent to defraud his creditors, and cited *Evans* agt. *Warner* (21 *Hun*, 574); *Horton* agt. *Fancher* (14 *Hun*, 172-175); *Wilson* agt. *Britton* (6 *Abb.*, 97, 98); *Dickenson* agt. *Benham* (10 *Abb.*, 390; 12 *Abb.*, 158); *Scott* agt. *Dexter* (1 *Weekly Digest*, 25); *Tallcott* agt. *Rosenthal* (22 *Hun*, 573); *Teni* agt. *Smith* (13 *Abb. N. C.*, 31-34); *Nichols* agt. *Pinner* (18 *N. Y.*, 295).

*Levi H. Brown,* for respondents, cited *Anthony* agt. *Stype* (19 *Hun*, 265); *Roules* agt. *Hoare* (61 *Barb.*, 266-271); *Gashier* agt. *Apple* (14 *Abb.*, 64-69); *Berry* agt. *Riley* (2 *Barb.*, 307); *Hyslop* agt. *Clark* (14 *Johns.*, 458); *Austin* agt. *Bull* (20 *Johns.*, 441); *Seaving* agt. *Brinkerhoff* (5 *Johns. C.*, 329); *Grover* agt. *Wakeman* (11 *Wend.*, 189); *Spaulding* agt. *Strange* (38 *N. Y.*, 12); *Haydock* agt. *Coope* (53 *N. Y.*, 68).

BOCKES, *J.*— We are of the opinion that the warrant of attachment in this case was improperly granted. The grounds of its allowance was that the defendant was disposing of, or was about to assign and dispose of his property with intent to defraud his creditors. These grounds are sought to be supported by threats alleged to have been made by him that if sued he would make a preferential assignment of his property, in which case those prosecuting him would get nothing on their claims. In connection with such threats, his insolvency was stated with an offer to the plaintiff to compromise at fifteen per cent. Such statement, offer and threats constitute the facts, and substantially all the facts, on which the writ was allowed.

Those facts have been repeatedly held insufficient to charge a debtor with an intent to defraud his creditors. The case of *Evans* agt. *Warner* (21 *Hun*, 574) is substantially like the

present. It was there laid down that such statements were intrinsically innocent, that the making of a preferential assignment by an insolvent debtor was lawful, hence not a threat to make a fraudulent disposition of his property. The court says: "The statement was simply as to the natural and probable consequence of a legitimate act put forward to induce the creditor to accept a compromise." The same doctrine has been declared in many other cases, and in some of them by an elaborate discussion of the subject (*Horton* agt. *Fancher*, 14 *Hun*, 172; *Wilson* agt. *Britton*, 6 *Abb.*, 97; *Dickinson* agt. *Benham,* 10 *Abb.*, 390; *Same Case on Appeal*, 12 *Abb.*, 158; *Scott* agt. *Dexter*, 1 *W. Dig.*, 25; *Talcott* agt. *Rosenthal*, 22 *Hun*, 573; *Tim* agt. *Smith*, 13 *Abb.*, 31).

There are no cases of a recent date, if indeed there be any at all, holding a different rule. The case of *Anthony* agt. *Stype* (19 *Hun*, 268), very much relied on by the respondents is entirely consistent with those above cited. In that case there were other facts stated besides the threats which tended to show a fraudulent design.

There are, it is true, some cases containing expression not perhaps in entire harmony with those above cited, but in so far as anything in them is asserted indicating a different rule, they must be held now to be borne down by a great preponderance of authority.

The order appealed from must be reversed, with ten dollars costs and expenses for printing; and the motion to vacate and set aside the attachment must be granted, with ten dollars costs of motion.

LEARNED, P. J., and BOARDMAN, J., concur.