### DILL v. HARBECK et al.

(*Supreme Court, General Term, Second Department.*  June 25, 1888.)

WILLS—CONTRACTS TO MAKE—WHEN ENFORCED.

 In an action upon an alleged verbal contract, whereby defendants' testatrix agreed
to purchase a house, plaintiff to live with her and make her a home, and upon tes-
tatrix's death plaintiff to have the house or the amount of its cost, it appeared that
testatrix was a lady of wealth, estranged from her family for years, and suffering
from a painful and fatal disease.   Several witnesses testified that testatrix had re-
peatedly told plaintiff and others that she would give plaintiff the house or its cost,
saying, plaintiff "is the only niece I have that needs a house, and I am going to give
her one."   Plaintiff fulfilled the contract on her part.   *Held*, that the evidence war-
ranted a judgment for plaintiff for the cost of the house, though testatrix, on becom-
ing reconciled to her sons shortly before her death, had devised the house to them.

Appeal from circuit court, Kings county; EDGAR M. CULLEN, Justice.

This is an action by Elvira Dill against John H. Harbeck and others, ex-
ecutors of Elvira Harbeck, upon a verbal contract alleged to have been made
by the defendants' testatrix with plaintiff, whereby testatrix undertook to pur-
chase a house in the city of Brooklyn, and then to live and board with plain-
tiff.   The evidence in support of the claim was substantially as follows:   The
husband of a niece of testatrix testified to a conversation with testatrix, in
which she said that she and Mrs. Dill (the plaintiff) had been to look at a
house, and the latter did not seem to act as if she cared about it.   The witness
then suggested that if plaintiff could be made to understand that she was to
have the house there would be no further misunderstanding.   That testatrix
then said she would give plaintiff the house in consideration of having a home,
and that the papers might be drawn up.   Other witnesses testified to substan-
tially similar statements on the part of testatrix to plaintiff and to others.
Testatrix died in 1884, and devised the real estate so purchased to her sons.
There was a judgment for plaintiff for the amount of the cost of the property,
and defendants appeal.

*Wing, Shoudy & Putnam*, for appellants.   *Fisher & Voltig*, for respondent.

PRATT, J.   We are not able to agree with appellants that the evidence in
support of plaintiff's case is vague or unsatisfactory; on the contrary, it is so
full and convincing that, in our opinion, a verdict might properly have been
ordered for plaintiff.   The testatrix, a lady of wealth, estranged from her family
for years, suffering from a painful disease that must speedily prove fatal,
might well contract to give to her favorite niece a dwelling-house, on condi-
tion that a home should be there created for her benefit and during her life-
time.   It also appears that in her conversations the testatrix said "Elvira

[meaning plaintiff] is the only niece I have that needs a house, and I am going to give her one." It is not necessary to recapitulate the evidence, which is abundant, and, we think, uncontradicted; for the conversation of plaintiff, as testified to by defendants, is not necessarily inconsistent with the plaintiff's claim. The only subject of that conversation was the small balance unpaid of the house expenses, and it would be to give an undue effect to the language to apply it to the matter now in controversy. Disturbed in mind by the distressing disease, which would lead her to magnify the ordinary irritations of life, it is not surprising that causes of disagreement should ultimately arise between the testatrix and her niece; and when her sons returned to her a few weeks before her death, after an estrangement of 18 years, during which they had no intercourse, nothing could be more natural than that in the joy of that reconciliation her contract with her niece should be forgotten to the advantage of the sons. But the plaintiff's rights did not depend upon the continuance of the aunt's favorable disposition. The contract had been fulfilled by the niece, and the estate of testatrix must answer according to the conditions of the contract. The case is not within the statute of frauds. The admission of the evidence of the increased expense of sustaining plaintiff's household in consequence of the contract with testatrix was probably competent. If not, it was harmless. Without that evidence the testimony would have warranted an instruction to the jury to find a verdict for plaintiff. Judgment and order denying new trial affirmed, with costs.