JOHN W. SMITH, Respondent, *v.* MARTHA SMITH, Appellant, Impleaded with MARY LILLY.

*A parol agreement, made by an owner of a lot, that if a person should build thereon he might sell the building, gives such person a lien for the amount expended on the land.*

Upon the trial of an action, brought by the plaintiff, to set aside a conveyance of certain premises made by him, through the defendant Lilly, to his wife, the defendant Martha Smith, or to compel his wife to reconvey the premises to him, and to establish an equitable lien thereon for the purchase-price of the premises and the money expended by him in erecting a building thereon, the trial court found, that, in 1879, the plaintiff, with his own means, built upon a portion of said premises a brick building at an expense of $4,500, and that in the spring of 1879, and prior to such building, he told his wife that he had some money in the bank, drawing only three and one-half per cent interest, and that he could take it and build on a portion of the property and get more for his money than in the bank; that she replied, that would be a good thing, and that he could go on and build there, and if he got in any way distressed, in any shape or manner, he had a right to sell the building; that it was at his disposal at any time, and that he replied all right, he would go on and build; that thereupon, relying upon this arrangement, he went on and built; also, that his wife, the defendant Martha Smith, had refused to reconvey upon his demand, and that

by reason of the building the property was increased in value by the amount of $4,500.

*Held,* that the arrangement made between the parties as to the erection of such building and the employment of the plaintiff's money for that purpose, was, in effect, an agreement that the plaintiff should, if he so invested it, have a lien thereon for the amount, with the right to sell, if necessary, and recover the same, and that a judgment, adjudging that the plaintiff had acquired a lien on the said building, including the land upon which it stood, for $4,500, and providing that if the said sum, interest and costs were not paid by the defendant, the building and land should be sold, and the avails of the sale, as far as necessary, be employed to pay the amount thus expended, should be affirmed.

*King's Heirs* v. *Thompson* (9 Pct. [U. S.], 204); *Chase* v. *Peck* (21 N. Y., 581); *Husted* v. *Ingraham* (75 id., 255–257); *Perry* v. *The Board of Missions, etc., of Albany* (102 id., 99) followed.

That this right of lien was founded not only upon the agreement between the parties, but also upon the fact that it would be contrary to natural justice to allow the defendant to retain the building, erected upon her land by the plaintiff, without compensating him for the money thus expended.

That the plaintiff's right to recover was not barred by the statute of frauds, as a parol contract in respect to land cannot be avoided in equity, because not in writing, where there has been a part performance of it.

APPEAL from a judgment entered in the Onondaga county clerk's office on the 17th of April, 1888, upon the trial of the action at the Onondaga Circuit, by the court, without a jury, in favor of the plaintiff and against the defendant Martha Smith. .

*M. M. Waters,* for the appellant.

*Baldwin, Lewis & Kennedy,* for the respondent.

MARTIN, J.:

The plaintiff and the defendant Martha Smith are husband and wife. In 1863 the plaintiff owned the premises described in the complaint. Upon the twenty-first day of September in that year the plaintiff, through the defendant Lilly, conveyed the premises in question to his wife. By this action the plaintiff sought, first, to set aside the conveyance from him, through the defendant Lilly, to his wife, or to compel her to reconvey the premises to him; second, to establish an equitable lien thereon for the purchase-price of the premises and the moneys expended by him in erecting a building thereon. The court denied the plaintiff the relief sought, except that it held that the plaintiff was entitled to a lien on a por-

tion of said premises for the sum of $4,500 for money expended by him in improvements made thereon. As the plaintiff has not appealed, the only question involved is, whether the plaintiff was entitled to a lien on said premises for the money thus expended by him.

The trial court found "that, in 1879, the plaintiff, with his own means, built upon a portion of said premises a brick block at an expense of four thousand five hundred dollars ; that in the spring of 1879, and prior to such building, he told his wife he had some money in the bank drawing only three and a half per cent interest, and he could take it and build a block on a portion of the property and get more for his money than in the bank, and she replied that would be a good thing, that he could go on and build there, and if he got any ways distressed, in any shape or manner, he had a right to sell the block, that it was at his disposal at any time ; and he replied, all right, he would go on and build it ; that thereupon, relying upon this arrangement, he went on and built the block ; " that the defendant Martha, upon demand, declined to reconvey, and claimed that the plaintiff had no interest in the property ; that, by reason of the building of the block, the property was increased in value by the amount of $4,500. We think that the facts, as found, are fairly established by the evidence, and that the findings should be sustained.

Upon these facts the court held that the plaintiff acquired a lien on said block, including the land upon which it stands, for $4,500, and provided that if the said sum, interest and costs were not paid by the defendant, the block and land should be sold and the avails of the sale, as far as necessary, employed to pay the amount thus expended.

While the court, at Special Term, did not expressly find that it was the agreement or understanding of the parties that the plaintiff was to have a lien upon the premises for the money expended by him in the erection of such block, yet, it seems to us that such is a fair construction of the findings of the court and of the evidence upon which such findings are based. The arrangement was that the plaintiff was to put his own money into a building upon defendant's land, that he might derive a larger revenue from it than he would by leaving it on deposit in the bank, and when built, if he got in any way distressed, he was to have a right to sell the building,

it was to be at his disposal. We are of the opinion that the arrangement made between the parties as to the erection of such building and the employment of the plaintiff's money for that purpose was, in effect, an agreement that the plaintiff should, if he so invested it, have a lien thereon for the amount, with a right to sell, if necessary, to recover the same. Assuming, then, as I think we must, that such was the arrangement between the parties, and it follows that the judgment appealed from was proper if such an agreement can be enforced either at law or in equity.

In Pomeroy's Equity Jurisprudence it is, in substance, said that every express executory agreement, whether verbal or in writing, whereby a party indicates an intention to make some particular property, real or personal, a security for a debt or other obligation, or whereby the party promises to convey or transfer the property as security, creates an equitable lien on the property so indicated, at least, as between the parties. (3 Pomeroy's Eq. Jur., 233 *et seq.*)

Courts of equity have not confined the doctrine of compensation or lien for repairs and improvements to cases of agreement or joint purchases. They have extended it to other cases where the party making the repairs and improvements has acted *bona fide* and innocently and there has been a substantial benefit conferred on the owner so that *ex aequo et bono* he ought to pay for such benefit. (2 Story's Eq. Jur., § 1237.)

The case of *King's Heirs* v. *Thompson* (9 Pet. [U. S.], 204), was a case quite similar to the case at bar. And it was there held that a party who expended his money for repairs and improvements on premises of another was entitled to an equitable lien or mortgage for the amount so expended, and that the property should be sold and the proceeds first applied to the payment of the money so expended in such improvements.

In *Chase* v. *Peck* (21 N. Y., 581), where upon receiving a grant of land the grantee executed an agreement, not under seal, to support and maintain the grantor, pledging for that purpose the produce of the land, and should that prove insufficient, appropriating the entire fee, it was held that the agreement being the consideration of the grant, takes effect as an equitable mortgage of the land.

In *Husted* v. *Ingraham* (75 N. Y., 255–257), where certain

carpets were delivered upon an agreement that the purchase-price should be secured by a mortgage thereon, it was held that the agreement could have been specifically enforced in equity, and constituted an equitable lien upon the property against the purchasers and all persons claiming to own it, except *bona fide* purchasers having no notice of the lien. The case of *Hale* v. *Omaha National Bank* (49 N. Y., 626) is to the same effect.

In *Freeman* v. *Freeman* (43 N. Y., 34) it was held that a parol promise by the owner of land to give it to another, accompanied by actual delivery of the possession thereof to him, will be enforced in equity by a decree for specific performance, where the promisee, induced by such promise, has made substantial improvements and considerable expenditures upon the premises with the knowledge of the promisor, and that the real ground upon which equitable jurisdiction is exercised in such cases, either of sale or of gift, is to prevent a fraud being practiced upon the parol purchaser or donee.

In *Perry* v. *Board of Mission, etc., of Albany* (102 N. Y., 99), the Diocesan Convention of the Protestant Episcopal Church of the Diocese of Albany appointed a committee to take steps for procuring a residence for the bishop of the diocese. The plaintiff, under the advice of the bishop, and with the consent of the committee, purchased certain premises for the purpose specified; and at the request of the bishop commenced making necessary repairs and improvements. At the annual meeting of the convention the committee made a report, stating the fact as to the purchase, and referring to the repairs and improvements, which was adopted and a resolution passed directing a transfer of the title to the property to the defendant, to be held and used as a residence for the bishop, and authorizing and directing defendant to execute a bond and mortgage thereon to secure the payment of a prior mortgage, and of the sum advanced for the repairs and fitting up of the same for the episcopal residence. ·

At the time of the passage of the resolution the work of repair was in progress, but only a small portion thereof had been paid for. The plaintiff went on and completed the work, advancing the money to pay for the same. The premises were conveyed to defendant as directed, and at a regular meeting of the board a resolution was passed accepting the conveyance and directing the execu-

tion of a bond and mortgage for a sum specified, to be applied to the payment of the prior mortgage, and the expenses of the repairs and improvements. This was done and the moneys realized thereon were applied as directed, but were insufficient to pay the whole amount so advanced by the plaintiff. In that case it was held, that the plaintiff was entitled to a lien in the nature of a mortgage upon the premises for the balance, both because of the special agreement embodied in the resolution of the convention and under the general doctrine of equity, which gives a right equivalent to a lien when the rights of parties cannot be otherwise secured. In delivering the opinion in that case the court says : " The plaintiff's case is within the general doctrine of equity, which gives a right equivalent to a lien when in no other way the rights of parties can be secured. The advances were directly for the benefit of the real estate ; they were approved by the convention by whose directions the title was conveyed to the defendant, but neither the convention nor the defendant have incurred any corporate liability, and while it may be said that the advances were made on the promise of, or in the just and natural expectation that a mortgage would be given, it is also true that they were made on the credit of the property, for the improvement of which they were expended. The repairs and improvements were permanently beneficial to it, made in good faith, with the knowledge and approbation of the parties interested and accepted by them, not as a gratuity, but as services for which compensation should be given. The plaintiff's right to remuneration is clear, and unless the remedy sought for in this action is given, there will be a total failure of justice." ( *Willetts* v. *Brown*, 42 Hun, 140 ; *Williams* v. *Ingersoll*, 23 id., 284 ; affirmed, 89 N. Y., 508 ; *Burdick* v. *Jackson*, 7 Hun, 488 ; *In the Matter of Howe*, 1 Paige, 125 ; *Lanning* v. *Tompkins*, 45 Barb., 308 ; *Payne* v. *Wilson*, 74 N. Y., 348.)

This examination of the authorities seems to render it quite manifest that the plaintiff acquired an interest in or lien upon the premises in question for the money expended by him thereon which can be enforced by a court of equity. This right or lien is founded not only upon the agreement between the parties, but also upon the fact that it would be contrary to natural justice to allow the defend-

ant to retain the building erected upon her land by the plaintiff without compensating him for the money thus expended. The plaintiff expended his money for the direct benefit of the defendant's real estate. The building erected by him was a permanent improvement to such real estate. This improvement was made in good faith, with the knowledge and approval of the plaintiff. The defendant incurred no individual liability by reason thereof, but the building was erected with the understanding that the plaintiff was to have a right to withdraw his money thus invested by a sale of the property if necessary. The erection of this building was permitted and accepted by the defendant in pursuance of such understanding. The plaintiff's right to receive the amount thus expended by him seems to be clear, and unless the remedy awarded in this action be upheld, there will be a failure of justice. We think the plaintiff's case is within the doctrine held in the cases cited, which gives a right equivalent to a lien where the rights of the parties can be secured in no other way.

Nor do we think the plaintiff's right of recovery barred by the statute of frauds. A parol contract, in respect to land, cannot be avoided in equity because not in writing, where there has been a part performance of it. (*Freeman* v. *Freeman, Burdick* v. *Jackson, supra;* Pomeroy on Specific Performance, 30.)

These considerations lead us to the conclusion that the judgment appealed from should be affirmed.

Judgment affirmed, with costs.

FOLLETT and KENNEDY, JJ., concurred.

Judgment affirmed, with costs.