HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.

---

# NANCY M. KENYON AND MARGARET E. HOARD, APPELLANTS, v. LEVINA YOULEN, RESPONDENT.

| 53 | 591 |
|----|-----|
| 56 | 28 |
| 56 | 35 |
| 53 | 591 |
| 73 | 349 |
| 53h | 591 |
| f55ad319 | |

*Equitable title to real property arising out of an agreement to live with the owner thereof — may be interposed as a defense to an ejectment suit brought by the devisee of such owner — statute of frauds inapplicable — evidence as to a transaction with a deceased party.*

In an action of ejectment it appeared that the premises consisted of a house and lot, which were owned by Mary Piper, deceased, in her lifetime, and that the plaintiffs claimed, as the devisees under her will, and the defendant as the equitable owner, under an agreement between the decedent and the defendant and one George V. Piper, whereby the decedent agreed to convey or devise the premises to them, in consideration that the defendant and Piper would move on to the premises and take care of the decedent during the remainder of her life. The defendant having fully performed on her part demanded judgment for the specific performance of the agreement.

*Held,* that the defendant was entitled to a specific performance of the contract, and to assert her right of possession as a defense to this action.

That the fact that the contract in this case was an oral one did not bar the defendant's right to enforce specific performance, as the statute of frauds was not applicable to such a case.

Upon the trial the defendant was called as a witness on her own behalf, and was asked and allowed, against the plaintiffs' objection and exception, to answer, "Was there a time when you went to live with George Piper?"

*Held,* that the exception was not well taken as the plaintiffs were not the executors, administrators or survivors of George Piper, nor did they derive their title or any interest from, through or under him.

APPEAL from a judgment recovered at the Herkimer Circuit, which was entered in the office of the clerk of Herkimer county on April 26, 1888, dismissing the plaintiffs' complaint; and also from an order denying a motion for a new trial on the minutes of the justice presiding at the trial, which was entered in the same office on May 14, 1888.

*Joseph J. Dudleston,* for the appellants.

*Smith & Steele,* for the respondent.

MARTIN, J.:

This action was ejectment. The premises involved consist of a house and lot situated in the village of Frankfort, N. Y. They were owned by Mary Piper, deceased, in her lifetime. The plaintiffs claim title as devisees under her will. The defendant claims as equitable owner. Her claim is founded upon an alleged agreement between the decedent and the defendant and George V. Piper, whereby the decedent agreed to convey or devise the premises to them in consideration of their moving on to the premises and their taking care of her during the remainder of her life. This agreement was fully performed on their part. The defendant in her answer demanded judgment for the specific performance of their agreement.

On the trial the defendant gave evidence which tended to show that the decedent was quite earnest in her solicitations that the defendant and said George should move on to the premises and take care of her during the remainder of her life; that to induce them to do so she agreed, if they would move on the premises and thus

take care of her, that they should have the premises in question at her death; that she would convey or devise the premises to them; that in consideration of such agreement upon her part, the defendant and said George agreed to move on said premises and take care of her during the remainder of her life; and the defendant left the business in which she was then employed, and, with George, moved on to the premises, and in all things fully performed said agreement upon their part; that the decedent did not perform the agreement upon her part, but only devised to said George a life estate in the premises. The defendant has succeeded to the interest of George under said agreement, so far as such interest is involved in this action. The jury found the facts as claimed by the defendant. If the contract proved was one which the court, under the evidence, might have required the plaintiffs to specifically perform, it follows that the judgment herein was correct and should be sustained. If the defendant was entitled to a specific performance of the contract, she was entitled to the possession and to assert her right of possession as a defense to this action.

In *Parsell* v. *Stryker* (41 N. Y., 480) it was held that an agreement on a good consideration to devise land is valid, and will be enforced by compelling a conveyance from the heirs of the premises or purchasers with notice. (See, also, *Lobdell* v. *Lobdell*, 36 N. Y., 327.)

The fact that the contract in this case was an oral one does not bar the defendant's right to enforce a specific performance. The statute of frauds is not applicable in such a case. (*Freeman* v. *Freeman*, 43 N. Y., 34; Pomeroy on Specific Performance, 30; *Smith* v. *Smith*, 51 Hun, 164.) We think the agreement, as proved and found by the jury, constituted a defense to this action.

The defendant was called as a witness in her own behalf, and was asked: "Was there a time when you went to live with George Piper?" To this the plaintiffs objected upon the ground "that it is a personal transaction." The objection was overruled and the plaintiff excepted. We do not think the exception well taken. The plaintiffs were not the executors, administrators or survivors of George V. Piper, nor did they derive their title, nor any interest, from, through or under him. We have examined the other exceptions in the case but have

found none that require discussion or that would justify an inter-ference with the judgment.

After a full and careful examination of the evidence and pro-ceedings in this case, we are of the opinion that the case was prop-erly submitted to the jury, that the verdict is sustained by the evidence, and that the judgment and order appealed from should be affirmed.

HARDIN, P. J., concurred; MERWIN, J., not sitting.

Judgment and order affirmed, with costs.