HELEN MATTHEWS, Respondent, v. HORACE MATTHEWS, Appellant.

*Equity — oral agreement to provide for one coming to live with the promisor — damages where a party has put it out of his power to perform — part performance — statute of frauds — 2 R. S., m. p. 135, sec. 10.*

One Horace Matthews made an oral agreement with his niece that if she and her husband would dispose of their real and personal property and come and live with him and keep house for him, he would give them the use of a part of his premises, and of certain chattels, while he lived; would give the same absolutely to his niece upon his death, and would upon their coming give them a written agreement to the effect above stated.

The niece and her husband, relying upon such oral agreement, disposed of their property, came to live with Horace Matthews, and performed for a time all the conditions of this agreement upon their part, until the said Horace became dissatisfied, required his niece and her husband to leave the house, conveyed the premises to a third person and disposed of most of his chattels.

In an action brought by the niece, individually and as assignee of her husband, the complaint in which, setting forth the above facts, was adapted to both equitable and legal relief:

*Held*, that the plaintiff was entitled to a specific performance of the contract to give a written agreement showing her rights.

That as the defendant had refused further performance, and had by his transfers disabled himself from performance, the plaintiff's right of action was complete.

That nothing was left to the plaintiff except a recovery in damages, and that their measure was the value of the contract.

That if the contract should be deemed one to compensate the plaintiff in land, the part performance upon her part would save it from being void under the statute of frauds. (2 R. S., m. p. 135, § 10.)

APPEAL by the defendant Horace Matthews from a judgment, entered, upon the report of a referee, in the office of the clerk of the county of Clinton on the 3d day of June, 1891, in favor of the plaintiff for $1,052.71 and costs.

The action was brought to recover damages for the breach of an agreement.

*A. W. Boynton*, for the appellant.

*F. A. Rowe*, for the respondent.

LANDON, J.:

The facts found by the referee are supported by the preponderance of the evidence. They show an oral agreement between the

parties to the effect that, if the plaintiff and her husband would dispose of their real and personal property in St. Lawrence county, where they resided, and leave their home there, and come and live with the defendant upon his premises in Clinton county, where he was then living alone, and take charge of his household and work his land and take care of and maintain him during his life he would give them the use of a certain part of the premises during his life, and of his furniture and chattels, and would give the plaintiff the same upon his death, and would, upon their coming to live with him, give them a written agreement to that effect.

The defendant was the uncle of the plaintiff; was upwards of eighty years of age, and had neither wife nor child.

The plaintiff and her husband, relying upon this oral agreement, disposed of their property in St. Lawrence county, and, in December, 1886, removed to Clinton county and took up their residence with the defendant on his premises, and from that time until July following cared for and maintained the defendant as a member of the family, and performed all the conditions of the agreement on their part. The defendant then became dissatisfied and refused to give the plaintiff any written agreement; required the plaintiff and her husband to quit his premises, and in March, 1888, without any fault upon their part, ejected them therefrom, and afterwards conveyed the premises to a third person, and disposed of the greater part of the furniture and chattels. The husband assigned to the plaintiff whatever cause of action accrued to him from the transactions.

That the plaintiff is entitled to some recovery cannot be questioned. She performed upon her part, so far as performance was due, and was ready and willing to continue performance when the defendant forbade her further performance, and disabled himself from specific performance upon his part by his disposal of the subject of the consideration he was to render her.

Upon performance of the agreement that plaintiff and her husband should break up their home in St. Lawrence county and take up their home with the defendant in Clinton county, the plaintiff was entitled to the written agreement showing her present and future rights, and was entitled to a specific performance of the oral agreement to give the written one. That part of the agreement was complete; the defendant could not rescind after performance;

he could only violate it. The plaintiff's rights under it were vested. It did not vest in her the title to the furniture or to the land, but the right to the agreement which would vest the title in her upon the defendant's death, and would give her the use of them meanwhile. The complaint states the facts constituting the cause of action, and is adapted to equitable as well as legal relief. The plaintiff being entitled to the specific performance of that portion of the contract, the case thenceforth stands as if such specific performance were decreed. The executory contract for the ultimate title of the chattels and land is, therefore, to be considered as if in writing, executed and delivered.

The defendant having refused performance, and disabled himself from performance, the plaintiff being ready and willing to perform on her part, the plaintiff's right of action is complete. (*Woolner* v. *Hill*, 93 N. Y., 576; *Hawley* v. *Keeler*, 53 id., 114.) The defendant's acts preclude the award of any relief except damages. The measure of damages is the value of the contract. (*Taylor* v. *Bradley*, 39 N. Y., 129; *Howard* v. *Daly*, 61 id., 362.) The value of the contract was the present value of what plaintiff would ultimately be entitled to receive under it, less the value of what defendant should show ought to be deducted from it. Of course, he could not claim deduction for the value of the support and services which he refused to receive at her hands. The referee seems to have dealt as liberally with the defendant as the evidence would warrant.

If it should be conceded that the plaintiff was not entitled to a specific performance, but only to damages for the breach of the oral agreement to give the written one, the same result would be reached. Equity often denies specific performance, when, all the circumstances considered, compensation for damages seems to be the more equitable. But such cases are none the less the subjects of equitable cognizance, if, without its intervention, the legal remedy would prove inadequate. (*Rindge* v. *Baker*, 57 N. Y., 209.)

Again, if it be conceded that the entire contract was for compensation in land and void, because within the statute of frauds, yet being partly performed, the statute permits its specific performance if justice requires it, and such performance is practicable. (2 R. S., 135, § 10.)

Cases are numerous in which specific performance of such contracts has been decreed. (*Lobdell* v. *Lobdell*, 36 N. Y., 327; *Freeman* v. *Freeman*, 43 id., 34; *Kenyon* v. *Youlan*, 25 N. Y. St. Rep., 299; *Dill* v. *Harbeck*, 17 id., 607; *Thorp* v. *Stewart*, 44 Hun, 233.) Specific performance being impossible because of the wrong of the defendant, equity, as we have seen, substitutes compensation for it.

Thus, through the equities of the plaintiff which the defendant has violated, the plaintiff is entitled to damages, to be awarded upon the same basis as if the contract were in writing. Cases at law in which the plaintiff, treating a contract for services payable in land as void under the statute, sues to recover the value of his services as upon a *quantum meruit*, have no application. Unless equity is invoked, the plaintiff, for such services rendered, can only recover upon the implied legal obligation of the defendant to compensate her.

The defendant objects that the parol agreement was not sufficiently definite in terms to admit of specific performance. It is plain that the defendant agreed to make the necessary papers to vest in the plaintiff the title to the property upon his death. There is no ambiguity as to the subject-matter or the terms upon which the defendant would transfer it to the plaintiff. She was to have absolute title upon his death, and the use of it meanwhile upon her full performance. Whether this result was to be accomplished by defendant's will, or by his conveyance and bills of sale, would be of little consequence. Whatever the form of the writings, they were to be adequate, and the court in decreeing performance would prescribe such as could be executed. (*Parsell* v. *Stryker*, 41 N.Y., 480.)

The judgment should be affirmed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment affirmed, with costs.