## KORMINSKY et al. v. KORMINSKY.

(Superior Court of New York City, General Term.    January 3, 1893.)

1. STATUTE OF FRAUDS—PART PERFORMANCE OF CONTRACT.
    Plaintiffs' father promised by parol, in consideration of their purchasing certain land and conveying it to him for a home during his life, to will the land to them, and, in pursuance of this agreement, plaintiffs purchased the land, had it conveyed to their father, paid a portion of the price down, and secured the remainder by mortgage, which they paid off before the death of their father.    *Held*, that the parol agreement could not be avoided in equity by the other heirs of the promisor, since there had been such a part performance as operated to take it out of the statute of frauds.

2. SPECIFIC PERFORMANCE—ENFORCEMENT OF EQUITABLE TITLE.
    By such agreement, plaintiffs, on the death of the promisor, became the equitable owners of the land, and vested with an equitable title, and a court of equity has power to decree that this title be made a legal one, by compelling the heirs at law to give deeds of their interest.

3. PLEADING—AMENDMENT—EQUITABLE RELIEF.
    It was proper for the court, at the beginning of the trial, to allow plaintiffs to amend their complaint so as to demand equitable relief.

**4. WITNESS—TRANSACTIONS WITH DECEDENT—INTEREST IN ACTION.**
Testimony of plaintiffs' sisters, who had deeded their interest in the land to plaintiffs without consideration, was admissible as to conversations with their father relating to the agreement and the will, since they had no interest in the event of the action, nor was plaintiffs' claim derived by assignment or conveyance from them, and so they were not within Code Civil Proc. § 829, which prohibits in such case a party from testifying in regard to a personal transaction with a deceased person.

Appeal from equity term.

Action by Samuel Korminsky, Henry Korminsky, and Benjamin Korminsky against Jacob Korminsky to compel specific performance of an agreement to devise land. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Abraham Korminsky, the father of the parties to this action, died in March, 1891, leaving, him surviving, as his heirs at law, the parties to this action and Rachel Lubin, Anna Baron. and Mary Harris. At the time of his death, he held the title to the premises in question under a deed from one Eliza Basch, dated April 1, 1873. The purchase from Eliza Basch was made by the plaintiffs, and the whole consideration for the conveyance was paid by them. The conveyance was made to the said Abraham Korminsky, at the request of the plaintiffs, for the sole purpose of securing to him a home during the remainder of his life. At the time of such conveyance, the said Abraham Korminsky promised, in consideration of such purchase by the plaintiffs and the conveyance to him, that he would devise said premises to the plaintiffs, in and by his last will and testament; and, relying upon such promise, the plaintiffs purchased the premises, and caused them to be conveyed to the said Abraham Korminsky, who took possession thereof, and lived thereon until the time of his death. In pursuance of said agreement, the said Abraham Korminsky did make a last will and testament, whereby he devised to the plaintiffs said premises, but said will has been lost or destroyed. Prior to the time of the commencement of this action, the defendant was informed by plaintiffs of such agreement, and was requested to execute a conveyance to the plaintiffs, which request the defendant refused. The other heirs at law of said Abraham Korminsky, deceased, without consideration, have given conveyances to the plaintiffs, for the purpose of carrying out said agreement. The defendant removed to the state of California about 20 years ago, and has not since returned to the state of New York, nor, since his removal, has he contributed anything towards the support of his father, the said Abraham Korminsky.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Job E. Hedges, (William Erdman, of counsel,) for appellant.

Hess, Townsend & McClelland, (W. J. Townsend, of counsel,) for respondents.

GILDERSLEEVE, J. The equity powers of the court are invoked by the plaintiffs in this action to compel the specific performance of the agreement entered into with their father, at the time they caused the premises in question to be conveyed to him. If the agreement was established on the trial by competent evidence, and it is one which a court of equity should enforce by compelling specific performance, it follows that the judgment herein was correct, and should be sustained. The fifth finding of fact made by the learned trial court is as follows:

"That, at the time of such conveyance, the said Abraham Korminsky promised and agreed to and with said plaintiffs that, in consideration of such purchase by them and conveyance to him, he would make a last will and testament, wherein and whereby he would devise to said plaintiffs said premises, and that he would leave said premises to said plaintiffs, in and by a last will and testament; and that the plaintiffs, relying upon such promise and representations, purchased said premises, and procured the same to be conveyed to the said Abraham Korminsky."

.There is abundant evidence to sustain this finding. No evidence was introduced on the subject by defendant, and the testimony of plaintiffs' witnesses makes out the agreement beyond all doubt. The agreement, however, is attacked by the learned counsel for defendant upon the ground that it was not in writing, and therefore was absolutely void, under the statute of frauds. This position is not tenable, for the reason that it clearly appears from the evidence that there was a full and complete performance of the verbal agreement on the part of the plaintiffs. They paid $2,000 in cash at the time the conveyance was made. The property was taken subject to two mortgages, amounting to $11,000, interest on which mortgages the plaintiffs paid until such time as they paid the mortgages in full, and had them discharged of record. All this was done before the father died. A parol agreement in respect to land cannot be avoided in equity because not in writing, where there has been a part performance of it. Smith v. Smith, 51 Hun, 164, 4 N. Y. Supp. 669. Part performance by the party seeking to enforce the contract is sufficient. Freeman v. Freeman, 43 N. Y. 39. The statute of frauds does not apply to this case.

The agreement can be enforced against the heirs at law of the promisor. An agreement, on good consideration, and without fraud or undue influence, to devise land, is valid, and will be enforced by compelling a conveyance from the heirs of the promisor or purchasers with notice. Parsell v. Stryker, 41 N. Y. 480; Lobdell v. Lobdell, 36 N. Y. 327; Kenyon v. Youlen, 53 Hun, 592, 6 N. Y. Supp. 784. There was an adequate consideration for the agreement in question, and there is no imputation of fraud or undue influence in its procurement. The transaction was a commendable one, and in every respect meritorious, and an agreement of a nature that courts of equity should view with favor. "The rule which courts of equity have adopted in suits for the specific performance of contracts requires that the contract be established by competent and satisfactory proof,— to be clear, definite, and certain,—for the reason, as Judge Story expresses it, that a court of equity 'ought not to act upon conjectures;' and if the proof should end in leaving the contract uncertain, so that the court cannot say what its precise import and limitations are, a decree for a specific performance will be withheld." Lobdell v. Lobdell, supra. The agreement under consideration seems to meet every requirement of the rule adopted by courts of equity. The decreeing of a specific performance of the contract imposes no hardship or injustice upon the defendant, while the denial of such a decree would operate as a fraud upon the plaintiffs. They executed every part of their agreement, in confidence that the other party would do the same. To permit such other party or his heirs now to withdraw from the performance of the contract would aid a manifest fraud against the plaintiffs. It appears from the evidence that there was never any desire or intention manifested by the father of the parties to this action, with whom the agreement was made, to avoid its performance or defeat its operation. It is found as a matter of fact, upon competent and sufficient evidence, by the learned trial court—

"That Abraham Korminsky, in pursuance of said agreement, made a last will and testament, wherein and whereby he devised said premises to plaintiffs, but that said will has been lost or destroyed, and plaintiffs have been unable, after diligent search, to find the same."

All the other heirs, except the defendant, not parties to the agreement, have conveyed to plaintiffs all the interest in said premises which may have descended to them as heirs at law of Abraham Korminsky, without consideration, and for the purpose of carrying out the agreement in question. The equity powers of the court are ample to enforce the agreement in the manner sought. By virtue of the agreement, upon the death of Abraham Korminsky, the plaintiffs became the equitable owners of the premises in question, vested with an equitable title thereto. Ger. Real Estate, p. 477. They had not only a right to secure a legal title by conveyance, but, as they were equitable owners under an equitable title, it is within the equitable powers of the court to decree that the equitable title be a legal title. Id. p. 477 et seq.; Knolls v. Barnhart, 9 Hun, 443; Thorp v. Stewart, 44 Hun, 232. In Waite's Actions and Defenses (volume 5, p. 831) it is stated as follows:

"A suit for specific performance, like that of foreclosure, is of a twofold character,—partly in personam, and partly in rem. The court may enforce the contract either by operating upon the person to compel a conveyance, or may pass the title of the land by decree."

In Bennett v. Abrams, 41 Barb. 619, the court says:

"The plaintiff herein is entitled to a specific performance of the agreement. That, however, may be impracticable. If so, then he may have proximate relief in some other form, which will secure to him the substantial advantages of his contract."

The court below committed no error in permitting the plaintiffs, at the beginning of the trial, to amend their complaint so as to demand equitable relief. The motion was addressed to the discretion of the court, and the amendment was warranted by the allegations of the complaint.

The exceptions taken to the rulings admitting the testimony of Mary Harris and Anna Baron, sisters of the plaintiffs, as to conversations with their father relating to the agreement and the will, are based upon section 829[1] of the Code. That section has no application here, for the reason that the witnesses are in no way interested in the event of the ac-

---

[1] Code Civil Proc. § 829, provides: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor, administrator, or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee, or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication. A person shall not be deemed interested for the purposes of this section by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding, or interested in the event thereof."

tion, nor was the claim of plaintiffs derived by assignment or conveyance from them.   Code, § 829; Lobdell v. Lobdell, supra; Kenyon v. Youlen, supra.   We find no other errors assigned by the learned counsel for defendant that call for discussion.   The judgment of the court below must be affirmed, with costs.   All concur.