SAMUEL W. DAVIS et al., Appellants, *v.* SETH HOWARD et al.,
Respondents.

*Fraudulent transfer from father to son — effect of a failure to record the deed —*
*payment of an outlawed debt — when a trust is simply evidence of intent — assign-*
*ment for benefit of creditors — requests to find.*

In an action brought to set aside a transfer of property from a father to his son,
and also a general assignment for the benefit of creditors, as fraudulent and
made with the intent to defraud creditors, a failure to record the deed
from the father to his son is a circumstance to be considered on the question of
intent, but is not conclusive, and the fact that the debt of the father to his son,
in payment of which such conveyance was given, standing alone, might, to
some extent, be barred by the Statute of Limitations, does not make its pay-
ment fraudulent.

A father, being impaired in health from age and sickness and liable to attacks of
illness, during which he was unable to transact business, conveyed lands to his
son, in trust, to enable his son, if possible, to negotiate a loan by giving a mort-
gage on the property, which the son agreed to endeavor to do, and out of the
moneys so obtained to pay a mortgage of $1,600, which was then upon other
lands, conveyed absolutely to the son, by such deed, and which, as between
the father and son, the father was bound to pay, and the balance of such
moneys so to be loaned, the son promised to pay over to his father, or to apply
them upon his father's debts as the father should direct, and that if he was
unable to procure such loan, he would reconvey the premises to his father,
and if he did procure it, would reconvey them subject to the mortgage, and
that until such reconveyance he would manage the premises gratuitously for
his father. Thereafter the son, being unable to obtain the loan, reconveyed
the premises to his father.

*Held,* that the trust was to be considered as evidence simply on the issue of
intent, and that it could not, under the circumstances, be said as a matter of
law that the trust, if improper, made the whole deed void.

An assignment for the benefit of creditors, made for the purpose of preventing
parties who are bringing suits against the assignor from getting their pay in
full upon judgment and execution, is not void.

Where a request to find presents more than one proposition, a court is not bound
to analyze it and pass upon the several parts separately.

APPEAL by the plaintiffs, Samuel W. Davis and others, from a
judgment of the Supreme Court in favor of the defendants, entered
in the office of the clerk of the county of Madison on the 27th day
of June, 1892, upon a decision of the court rendered at the Madi-
son County Special Term, with notice of an intention to bring up

f)r review on such appeal the separate judgments for costs in favor of the defendants.

*M. J. Shoecraft* and *C. H. Dunning,* for the appellants.

*John E. Smith, Joseph Mason* and *A. N. Sheldon,* for the respondents.

MERWIN, J.:

This is an action in the nature of a creditor's bill, brought by the plaintiffs as judgment creditors of the defendant Seth Howard, to set aside as fraudulent against creditors a conveyance of real estate from Seth Howard and wife to the defendant Edwin A. Howard, dated November 28, 1887; also a bill of sale of personal property from Seth Howard to Edwin A. Howard, dated November 28, 1887; also a general assignment for the benefit of creditors from Seth Howard to the defendant Franklin I. Howard, dated December 4, 1888. It was alleged in the complaint that each of these transfers was made with intent to defraud creditors. It was found at Special Term that there was not any such intent.

The deed of November 28, 1887, included the home farm, so called, of 110 acres and two swamp lots, and five acres from a lot known as the Lily lot, and also included about 200 acres of other lands, being substantially all the real estate Seth Howard then held. This latter part, however, was reconveyed by Edwin A. to Seth on November 1, 1888, and passed to the assignee. That left in the hands of Edwin the home farm and accompanying small lots and the personal property, which the plaintiffs by this action seek to reach. Their judgments were recovered after the assignment.

Edwin A. was the only son of Seth, and prior to 1872 he had been in his father's employ for several years, and his father then owed him for services and property purchased about the sum of $1,300, and he was contemplating moving with his family to a western State. This his father and mother did not want him to do. His father was then abundantly solvent, and owned several farms besides the home farm. Thereupon, as the evidence tends to show, and as the Special Term in substance finds, it was verbally agreed between them that if Edwin would give up his arrangements to move west, and would remain at home and go onto the home farm and live in the

house thereon, and with his wife would assist the father in carrying on all the farms as long as he should desire, or should need their services, performing such services as they could in and about the management of the farms and boarding the help, he, the father, in consideration of such services and of the indebtedness then existing to the son, would convey to the son free from incumbrances the said home farm and accompanying small lots and sufficient stock, tools and other personal property to properly carry it on; that in pursuance of this arrangement Edwin gave up his western plans, moved with his family into the house on the home farm, and he and his wife performed the services as required by the agreement from the spring of 1872 to the fall of 1887, and in all things upon their part performed the agreement; that said Seth, up to the fall of 1887, received the avails of all the farms except what was furnished for the support of Edwin and his family; that the deed in question, so far as it covers the said real estate and the bill of sale, were given and received in performance of said verbal agreement. It is also found that such services and indebtedness were full consideration for the property so transferred. There is evidence that tends to sustain this conclusion.

The deed was not recorded until December 4, 1888. It, however, appears that the fact of the conveyance was not concealed by Edwin, but was known to many persons; that he left it with the attorney who drew it, and directed him to place it on record, but through his neglect it was not done. He was all the time in the occupancy of the property, and Seth, from the time of the deed, ceased to receive the proceeds or control the management. The failure to record the deed was a circumstance to be considered on the question of intent, but was not conclusive.

The fact that the debt to Edwin standing alone might to some extent be barred by the Statute of Limitations, does not make its payment fraudulent. (*Livermore* v. *Northrup*, 44 N. Y. 107; *Hale* v. *Stewart*, 7 Hun, 591.)

It has been held in cases somewhat similar to this that the owner of real estate could be compelled to specifically perform a parol agreement which had been fully performed by the other party. In *Kenyon* v. *Youlen* (53 Hun, 591), decided by this court, a parol agreement between the owner of a house and lot and the defendant

and another party, by which the owner, in consideration that the defendant and her associate would move onto the premises and take care of the owner during the remainder of her life, agreed to convey or devise to them the premises, was held to be enforcible, the same having been fully performed by the defendant and her associate. A similar doctrine was held in *Dill* v. *Harbeck* (17 N. Y. St. Repr. 607). If Edwin was equitably entitled to the property, the creditors of the father have lost nothing by the transfer. If the services and prior indebtedness were substantially the equivalent of the property transferred, and there was no intent to defraud, the creditors have no good ground for complaint.

The plaintiffs further claim that the deed of November 28, 1887, was wholly void as against creditors upon the ground that, as to the balance of the real estate not covered by the agreement of 1872, it was made in trust for the grantor Seth Howard, and so within the provisions of section 1 of title 2, chapter 7, part 2 of the Revised Statutes (4 R. S. [8th ed.] 2590). The facts upon which this claim is based are those alleged in the defendants' answer. It is there stated that the health of Seth Howard was at the time of the deed impaired from age and sickness, and he was liable to attacks of sickness, during which he would be unable to transact business; that the lands, other than those covered by the agreement of 1872, were conveyed to Edwin in trust to enable him, if he could, to negotiate a loan on mortgage of the property, and which he agreed to endeavor to do, and out of the moneys so obtained, pay a mortgage of $1,600 which was then upon the lands covered by the agreement of 1872, and which, as between said Seth and Edwin, said Seth was bound to pay, and the balance of the moneys so to be loaned he would pay over to Seth or apply them upon the debts of Seth as he should direct; that if he could not procure such loan he would reconvey the premises to Seth, and if he did obtain the loan would reconvey subject to the loan mortgage, and until such reconveyance he would manage the premises gratuitously for said Seth; that Edwin was unable to make the loan referred to and reconveyed the premises to said Seth. This reconveyance was on November 1, 1888. The claim of the appellant is that the deed as to the property in trust was void, and that the deed being void as to part of the property, was void as to the whole.

Taking the trust as alleged, it was for the purpose of raising money to pay the debts of Seth. The latter had a right to raise money, if he could, by mortgage for that purpose. It has been held that if a voluntary grantee of an insolvent grantor, in pursuance of a verbal understanding at the time of the deed, give a mortgage to secure the payment of specific debts of the grantor, the mortgage is good. (*Royer Wheel Co.* v. *Fielding*, 101 N. Y. 504.)

In *Russell* v. *Winne* (37 N. Y. 591), which is relied on by appellants' counsel for the proposition that the deed, if void as to part of the property, was void as to the whole, a chattel mortgage had been given to secure one debt, and the dealings of the parties as to one class of chattels covered by the mortgage were of such a character as to indicate an intent as to those to hinder and delay creditors, and it was held that a fraudulent intent as to a part of the instrument vitiates the whole. The court, however, page 596, recognizes the existence of a class of cases where it has been held that a part of an instrument, of itself valid, and not depending upon other parts which are invalid, may be enforced. In the present case that part of the deed complained of had no necessary connection with the rest; the transactions were distinct and independent of each other. The trust, if any, was abandoned and the property restored before the general assignment and before the plaintiffs obtained their judgments.

In the complaint no issue is presented or allegation made as to any trust. The issue there tendered is upon the intent in making the several instruments. That question is by statute a question of fact and not of law. (§ 4, title 3, chap. 7, part 2 of Revised Statutes; 4 R. S. [8th ed.] 2593.) Whatever, therefore, there is in the case on the subject of a trust is to be considered as evidence simply on the issue of intent. It should not, under the circumstances of this case, be said as matter of law that the trust, if improper, made the whole deed void.

There are in the case some circumstances which, taken by themselves, are of somewhat doubtful character. Taking, however, the evidence as a whole, and in view of the better opportunity which the trial court had for determining the proper weight to be given to much of the evidence, we are not prepared to say that the conclusion of the trial court upon the issues presented is not sustained by the evidence.

As to the general assignment, the appellants claim that upon the undisputed evidence it was made for the purpose of preventing parties, who were then bringing suits against the assignor, from getting their pay in full upon judgment and execution, and that, therefore, it was made with the intent to hinder and delay creditors, and, therefore, void. Admitting the premise, the conclusion does not follow. The assignor had a right to make an assignment, and that would necessarily operate to prevent parties from enforcing judgments subsequently obtained. It has been held, in numerous cases, that threats by an insolvent to make a preferential assignment did not charge him with an intent to defraud his creditors. (*Farwell* v. *Furniss*, 67 How. Pr. 188, and cases cited; *Stamp* v. *Herpich*, 8 N. Y. St. Repr. 446; *Evans* v. *Warner*, 21 Hun, 574.) The cases in regard to threats by a solvent debtor do not apply. Here the assignor was insolvent and the assignment was without preferences. The conclusion of the Special Term, that it was not made to defraud creditors, is sustained by the evidence and should not be disturbed.

Our attention is called to the action of the court upon numerous requests of the plaintiffs for findings. The remark of the court, in *Davis* v. *Leopold* (87 N. Y. 620), would seem to apply that where a request to find presents more than one proposition, the court is not bound to analyze it and pass upon the several parts separately. We find no material error in the refusal to find. The main question was one of fact and that was fully met. No sufficient reason is apparent for disturbing the result. It follows that the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.