(35 Misc. Rep. 251.)

GOLDSTEIN v. GOLDSTEIN et al.

(Supreme Court, Special Term, New York County. June, 1901.)

1. HUSBAND AND WIFE—CONTRACT—ENFORCEMENT AGAINST HIS LEGATEES.

Under Laws 1896, c. 272, art. 3, § 21, giving a married woman all the rights in regard to her property and contracts in connection therewith with any person, including her husband, as if she were unmarried, a parol agreement between the husband and wife that if she would aban-

don proceedings for separation, and return to and live with him, he would provide for her by will, followed by a return and execution by him of a will in conformance with the contract, constitutes a valid executed contract, which will be enforced against his legatees and devisees under a subsequent will made by him.

**2. STATUTE OF FRAUDS—EXECUTED CONTRACT.**
Where a wife sues to enforce a parol contract made by her husband to provide for her by will if she will return to and live with him, it is no defense to the action by the wife—where she returns, and her husband makes the will—to enforce such right that it was within the statute of frauds.

Suit by Dora Goldstein against Pauline Goldstein and others to enforce an agreement of plaintiff's husband, since deceased, to provide for her by will on abandonment by her of proceeding to procure a separation. Judgment for plaintiff.

Hamilton & Becket (William H. Hamilton, of counsel), for plaintiff.
Charles I. Schampain, for defendants Amelia Calwin and Flora Mehrenstein.
Messmore Kendall, guardian ad litem for all infant defendants.
Samuel Levy, for defendants Pauline Goldstein and Lillie Goldstein.
M. S. & I. S. Isaacs (Julius J. Frank, of counsel), for defendants Platts.
Gross & Sneudaira, for defendant Congregation Beth Israel.

LAWRENCE, J.   Under chapter 272 of the Laws of 1896 (article 3, § 21), a married woman has all the rights in respect to property and the acquisition, use, enjoyment, and disposition thereof, and to make contracts in respect thereto with any person, including her husband, as if she were unmarried; but husband and wife cannot contract to alter or dissolve the marriage, or to relieve the husband from his liability to support his wife. The contract alleged in the complaint was not within the exceptions contained in the statute, and the question therefore arises, assuming that the agreement al leged in the complaint was in fact made, whether the same was valid. I am of the opinion that the evidence establishes that the husband agreed with his wife that, in consideration that she would abandon the proceedings which were threatened by her, and in which steps had been taken for the commencement of an action to secure the separation to which she claimed she was entitled, and return to and live with him, he would make the will which was executed on May 6, 1898. I am also of the opinion that such will constituted an executed contract between the parties, and that the execution of the subsequent will of May 18, 1898, was a fraud upon the plaintiff, and that, therefore, she is entitled to relief in a court of equity. The evidence shows that the plaintiff, pursuant to the agreement between her and her husband, returned to and lived with him, and that her conduct towards him to the end of his life was that of a dutiful and affectionate wife.

I do not think that the statute of frauds can be successfully interposed as a defense to the action. There was a full performance on the part of the plaintiff, sufficient to take the case out of the opera-

tion of that statute. Parsell v. Stryker, 41 N. Y. 480; Lobdell v. Lobdell, 36 N. Y. 327; Smith v. Smith, 51 Hun, 166, 4 N. Y. Supp. 669; Freeman v. Freeman, 43 N. Y. 34, 3 Am. Rep. 657.

There was an adequate consideration for the agreement on the part of Samuel Goldstein. The plaintiff had, or claimed to have, good cause for obtaining a separation from him. Whether that claim was well or ill founded I do not think is material. Samuel Goldstein evidently regarded it as well founded at the time he made the agreement and executed the will of May 6, 1898, and the declaration which he made in the will of May 18, 1898, that the former will was executed to "enable him to live in peace and harmony with his wife during her life," goes far to show that he did not regard her claim to a separation as based upon trivial grounds. I not only regard the agreement to execute the will of May 6, 1898, and the execution of it, and the delivery of the same to Mr. Chedsey, as based upon a sufficient consideration, but I am also of the opinion that no court of equity should permit the devisees and legatees of the husband, who, by making such an agreement, and by carrying it into execution, disarmed his wife, and prevented her from prosecuting her action, to profit by the husband's fraud.

Numerous cases are cited in the brief of the respective counsel in support of their position. After examining those cases, I am of the opinion that the plaintiff's case is supported by the decisions enunciated in Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454; Webster v. Webster, 27 Law J. Ch. 115; same case on appeal, 4 De Gex, M. & G. 437; Korminsky v. Korminsky, 2 Misc. Rep. 138, 21 N. Y. Supp. 611; Davison v. Davison, 13 N. J. Eq. 246; Bruce v. Moon (S. C.) 35 S. E. 415; Adams v. Adams, 91 N. Y. 381, 43 Am. Rep. 675. For these reasons there will be judgment in the plaintiff's favor, as prayed for in her complaint, with costs and allowance to be settled on the entry of the judgment. Draw decision and judgment accordingly, and settle on notice.

Judgment accordingly.