## Frederick Wright v. Eli Wright.

*Specific performance: Bill of complaint: Contract: Part performance.* Whether the bill in this case, for specific performance of an alleged agreement to convey lands, which does not disclose that the agreement was not in writing, could be sustained by proof of a parol contract partly performed :—*Quære?*

*Equity pleading and practice: Specific performance: Averment of agreement.* A bill for specific performance must set out a contract which is clear and definite ; and where the contract set up is very vague as to the kind and extent of the improvements which were to constitute the consideration of the promise sought to be enforced, and as to the time within which they were to be made, no criterion is afforded by which the court can determine when the contract has been performed on the complainant's part.

*Specific performance: Proofs: Contract: Family arrangement: Expectations.* Where the proofs fall short of making out the contract of which specific performance is sought, or any contract or bargain at all, and at most indicate no more than a vague intention on the part of the defendant, who is complainant's father, to give the land at some time or other to complainant in fulfillment of one of those family arrangements which are understood to rest on the will of the parties, and where each sees fit to rely on expectations and does not require a binding contract, they fail utterly to make out a case warranting the relief sought.

*Heard January 28.    Decided February 26.*

Appeal in Chancery from Clinton Circuit.

*Bartow & Fedewa* and *J. A. Selden,* for complainant.

*Walbridge, Cook & Walbridge* and *Gould & Lyon,* for defendant.

Campbell, J.

The bill in this cause was filed to compel the conveyance by defendant to complainant of a tract of eighty acres in Clinton county, in specific performance of an alleged agreement.

The agreement on which relief is sought is averred to have been made in the spring of 1866, whereby it is claimed that defendant, who is complainant's father, agreed, "in consideration of the work already performed by your orator for the said defendant, and the money already paid to him

by your orator, and in consideration of the love and affection for your orator, he being the son of the said Eli Wright, defendant, that if your orator would go on to said land and improve it, he, the said defendant, would give your orator a good warranty deed of the same."

The bill avers that in April, 1867, complainant, in pursuance of the agreement, entered into possession, and has made improvements and largely increased the value of the premises; that complainant has repeatedly asked for a deed, and defendant told him to go on and improve the land and he would give a deed at any time, but has lately repudiated the agreement and refused to deed.

The bill does not disclose, what turns out to be the fact, that there never was any written agreement whatever; and it is questionable whether the case made by it is sufficiently indicated as one of a parol contract partly performed. But the testimony has all been taken, and the case may be considered on its merits.

It is not shown by the bill what work or what money entered into so much of the consideration as was claimed to have been valuable. And the contract, as set out, is very vague as to the kind and extent of the improvements to be made, and the time within which they were to be made. The bill furnishes no criterion whereby the court could determine when the work had been performed. Specific performance cannot be granted until the contract is made clear and definite.

But upon looking into the proofs, we find no evidence of any contract, and no evidence of possession taken with a view of carrying out any supposed contract. The transaction rested entirely in the knowledge of the two parties. No other witnesses are informed of any thing beyond what is relied on as a recognition of some contract or arrangement already existing, and it must be presumed the complainant makes the best showing in his power for himself.

The complainant's own testimony falls short of proving any agreement on the consideration named in the bill, or

·on any consideration. When the direct and cross-examinations are compared they indicate no more than a vague intention of giving the land at some time or other to the ·complainant. There is considerable testimony indicating that defendant meant to give the land, or half of it, to ·complainant, but nothing reliable to show it was *to be* conveyed until defendant thought best, and nothing indicating a bargain at all, or any possession given by defendant with the understanding that it was to fulfil a bargain. The most positive promise shown at any time seems to have been an assurance, when the son was sent into Canada to avoid being drafted, that if he would behave himself, he should have a deed after the war closed. At *this time* the ·son was a minor, and this was a mere promise at best, and not a contract.

Apart from the difficulty of enforcing voluntary agreements, this case seeks to make an agreement out of one of those family arrangements which are understood to rest on the will of the parties, where each sees fit to rely on an expectation and does not require a binding contract. Whatever may be the hardship of being disappointed in such expectations, parties cannot ask courts to frame contracts in their behalf, which they have neglected to make for themselves.

We do not think complainant has made out a case for relief. The decree must be reversed, and the bill dismissed, with costs of both courts.

·GRAVES, CH. J., and COOLEY, J., concurred.

·CHRISTIANCY, J., did not sit in this case.