## LOTHROP V. MARBLE.

Where defendant's intestate, while suffering from a disease which made his presence extremely disagreeable, made an oral agreement with plaintiff, who was his most intimate friend, that, if she would receive him in her home and care for him until his recovery or death, he would convey certain land to her, and plaintiff fully executed her agreement, but deceased died within about one month thereafter, without having conveyed the land, plaintiff was entitled to a specific performance of the contract by defendant, neither fraud nor inadequacy of consideration being alleged.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Butte county.   Hon. JOSEPH B. MOORE, Judge.

Bill by Melissa E. Lothrop against Arthur H. Marble, administrator of Ransom Rathbone, deceased for specific performance of a contract. From a judgment for plaintiff, defendant appeals.   Affirmed.

*T. W. LaFleiche* and *Rice & Polley,* for appellant.

The conversation between the plaintiff and defendant's intestate cannot be construed to constitute such a contract as

would entitle plaintiff to a specific performance, and as no possession was ever taken by plaintiff the contract if made was within the statute of frauds. Baldwin v. Squires, 1 Pac. 591; Quinn v. Quinn, 58 N. W. 808; Link v. Sherman, 25 Barber 433; Shakespear v. Markham, 72 N. Y. 400; McDonald v. Barom, 71 N. W. 341; Peckham v. Balch, 13 N. W. 506; Renz v. Drury, 45 Pac. 71; Cooper v. Pina, 21 Col. 404; Pond v. Sheean, 8 L. R. A. 414; Emmet v. Hayes, 11 L. R. A. 323; Hazelton v. Putnam, 54 Amr. Dic. 158; Recknagle v. Schmaltz, 72 Iowa 63; Sturgis v. Taylor, 20 Atl. 370; Wallace v. Long, 105 Ind. 522; Shahan v. Swan, 48 Ohio St. 25; Lich v. Lich, 81 Iowa 84; Austin v. Davis, 128 Ind. 472; Edwards v. Estell, 48 Cal. 194.

*Frawley & Laffey* and *McLaughlin & McLaughlin*, for respondent.

FULLER, P. J. A trial of this action to enforce specific performance of an oral agreement to convey real property, alleged to have been made by and between plaintiff and Ransom Rathbone, a short time prior to his death, resulted in a judgment requiring appellant, as the administrator of the estate of the said Ransom Rathbone, deceased, to execute and deliver to plaintiff a deed of the premises described in the complaint, and from such judgment this appeal was taken. We think the undisputed evidence concerning the agreement reasonably justifies the following facts, found by the court as a basis for its conclusions of law, in conformity with which the decree was entered: "First. That on or about the 18th day of October, 1897, at Belle Fourche, in the county of Butte, State of South Dakota, Ransom Rathbone. now deceased, made and entered into an oral agreement with the plaintiff, Melissa E. Lothrop,

by which said Ransom Rathbone agreed to convey to said plaintiff lot 8, in block 9, in the town of Belle Fourche, Butte county, State of South Dakota, and at the time of his death owned in fee by said Ranson Rathbone, deceased; and in consideration of the agreement of said Ranson Rathbone to convey said real estate, the plaintlff agreed to and with the said Ransom Rathbone to give her personal attention to said Ransom Rathbone, who was seriously ill, and take care of said Ransom Rathbone until he either recovered from his then serious illness or died. Second. That the plaintiff entered upon the performance of her said portion of said contract, and took the said Ransom Rathbone into her own house, and gave him personal attention during his sicknes, and nursed him, until his death, in the month of November, 1897; that said Ransom Rathbone was very old and feeble, and was unable to help himself in any way, and the work of caring for him was difficult and unpleasant, and that it would be difficult to fix a money compensation for the services rendered by plaintiff to said Ransom Rathbone during his illness; that the plaintiff fully performed the conditions of said contract on her part. Third. That the expense incident to the care and nursing of said Ransom Rathbone was borne and paid by plaintiff."

As mere payment of the consideration is not generally sufficient performance to take a parol agreement for the purchase of land out of the statute of frauds, the nature of this transaction, as well as the relation of the parties, demands careful consideration. It was clearly shown that Rathbone was aged, and suffering from a complication of diseases, by which he was rendered utterly helpless, and by reason of which it was extremely arduous to bestow the care that his

condition demanded. Through no fault of the deceased his affliction, which was chronic dyspepsia, and asthma involving the lungs, presented much to be dreaded by all who must remain in his presence, and a most offensive odor pervaded the entire house. As far as disclosed by the record, he was without relatives, and respondent and her husband were his most intimate friends, to whom he looked for that care and attention which they alone seemed willing to bestow. In addition to the premises in dispute, the value of which is not shown, he appears to have had other property of considerable value. Being uncertain as to how long he would live, and knowing that peculiar care and attention which money would scarcely secure would be required until death should bring rest, he desired to obtain a home in the family of respondent, whom he knew to be kind. At a time when no motive existed to parley about the value of that which could not be ascertained, he offered her the property for a home in her family during the remainder of his life. This proposition was promptly accepted, and the contract thus made by the parties was fully performed on respondent's part, and the evidence shows that decedent was always ready and anxious to execute a conveyance of the premises to her in accordance with his agreement. Although he survived but a few days after being removed to respondent's home from a room in the rear of a building occupied as a barber shop by her husband, no question as to the inadequacy of consideration is presented, nor was evidence offered concerning the value of the property or of the services. The record shows that Mr. Rathbone entertained an abiding sense of gratitude for the kindly services being administered to him by respondent, and fully realized that reasonable pecuniary

compensation was a matter almost impossible to determine. It follows, therefore, that money was not made the standard by which to measure the value of such care and attention as his pitiable condition would be likly to require for a period as uncertain as the duration of life, and his intention to convey the premises in consideration therefor should, in the absence of fraud or injury to any one. govern the action of the court. The case is clearly within the rule justifying courts of equity, in carrying into effect parol agreements, to convey real estate, after the full and faithful performance of such service in consideration therefor, as this record discloses. Rhodes v. Rhodes, 3 Sandf. Ch. 279; Brinton v. VanCott. 8 Utah 480, 33 Pac. 218; Wall's Appeal, 111 Pa. St. 546, 2 Atl. 539; Sharkey v. McDermott, 91 Mo 647, 4 S. W. 107; Sutton v. Hayden, 62 Mo. 101; Davison v. Davison, 13 N. J. Eq. 246; Twiss v. George, 33 Mich. 253; Kofka v. Rosicky, 41 Neb. 328, 59 N. W. 788; Godine v. Kidd, 64 Hun. 585 19 N. Y. Supp. 335; Korminsky v. Korminsky, (Super. N. Y.) 21 N. Y. Supp. 611; Fry, Spec. Perf. 563; Story, Eq. Jur. 759. As the enforcement of this contract, which was clearly proved, will do no injustice to third persons, and is perfectly consistent with equity, the judgment appealed from is affirmed.