## McCullom v. Mackrell *et ux.*

Where an owner of land orally agreed with plaintiff that if he would furnish him a home with his family during the remainder of the owner's life and care for him, plaintiff should have the land at the owner's death, and plaintiff performed his part of the agreement, but the owner con-

veyed the land to defendant without consideration and with intent to defraud plaintiff, a court of equity will enforce the oral agreement, and quiet title to the land in plaintiff.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Hanson county. Hon. FRANK B. SMITH, Judge.

Suit between James Mackrell and another and Mary J. McCullom to quiet title. From an adverse decree Mary McCullom appeals. Affirmed.

The facts are stated in the opinion.

*A. E. Hitchcock* and *W. H. Helwig* for appellant.

*P. A. Zollman,* for respondents.

FULLER, P. J. Through Andrew McCullom, deceased, each of these parties claim to be the owner of 160 acres of land, worth about $700, and a trial of the action resulted in a decree quieting in respondent title thereto based upon an oral agreement made by and between himself and Andrew McCullom nearly six years prior to his death, and by the terms of which he promised and agreed that at his death respondent should have and become the owner of the premises as compensation for a home during his life in the family of respondent, who, pursuant to such agreement, has continuously lived upon and cultivated the land, giving to said William McCullom a share of the crop annually in addition to board and other valuable considerations including the surrender of a squatter's right to certain government land upon which he had in the year 1891 erected a log house. Without attempting to fix a money compensation for the very difficult and exceedingly unpleasant services rendered of necessity by respondent and his wife to

this helpless, dissolute, and otherwise unfortunate man, bowed by the weight of years, it appears to us from competent evidence, undisputed and admitted without objection, that the land is but meager recompense for that which respondent and his family were called upon to perform and endure by reason of his habits, illness, and eccentricities. There is abundant evidence to sustain the finding of the court to the effect that respondent, relying upon such agreement, fully performed all that he stipulated to do, and that appellant's deed from Andrew McCullom dated October 12, 1897, was executed by him without any consideration, and with the intent to defraud respondent. While to a court of equity the evidence in this case appeals, on behalf of respondent, more urgently perhaps than in the case of Lothrop v. Marble 12 S. D. 511, 81 N. W. 885, the facts are sufficiently similar to place this decision clearly within the exception to the rule that mere payment of consideration is not sufficient to take a parol agreement for the purchase of land out of the statute of frauds, and the doctrine there announced is peculiarly applicable here. It was clearly shown that McCullom's physical condition during all the years of his residence with respondent was such as to endanger the health of those with whom he came in daily contact, He appears to have been afflicted with a chronic disease and an irritable disposition, occasioned, perhaps, by the habitual and excessive use of intoxicants, by which he was frequently rendered desperately reckless and indifferent to the comfort and safety of respondent and his family. After full performance of such services as this case demanded, pursuant to respondent's undertaking in consideration for the land, a court of equity may very properly carry into effect the parol agreement to convey real estate, and the judgment appealed from is affirmed.