1. DECEDENTS' ESTATES — CLAIMS — CONSIDERATION — RECITALS — BURDEN OF PROOF.
    The recital of a consideration in an instrument by which testatrix agreed to leave money to a claimant against her estate is sufficient to support the promise so made, in the absence of proof by the executors that there was in fact no consideration.

2. CONTRACT—CONSIDERATION—SUFFICIENCY.
    An instrument reciting a valuable consideration, by which testatrix agreed to leave her son's wife a sum of money, sufficiently appeared to be based on a consideration when it was shown that the son was unable to support himself and family, and his wife, relying on the promise of testatrix, worked as a dressmaker, and supported her husband up to the time of testatrix's death.

Appeal from Judgment on Report of Referee.

In the matter of the estate of Augusta Steglich, deceased.   From a judgment rejecting a claim against the estate, Sophie Steglich, claimant, and the executor appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Max J. Kohler, for claimant.
William C. Timm, for executor.

INGRAHAM, J.   The action is brought to enforce an agreement in writing, signed by the testatrix, which is as follows:

"This certifies that the undersigned, in consideration of the sum of one dollar and other good and valuable consideration to her in hand paid, the undersigned agrees to leave the sum of two thousand dollars to Sophie Steglich, the wife of her son William Steglich, out of the insurance moneys she shall receive on the policies now held by her on the life of her husband Julius Steglich, and agrees to make her will and testament to this effect, or in the event of the death of said Sophie Steglich before the undersigned then said amount to be paid to George Mohlfeld, the son of said Sophie Steglich.
    "Dated July 19, 1897.                                   Augusta Steglich.
    "Witness:
        "William C. Timm, 140 Pearl St., N. Y."

After the death of the testator the claimant presented a claim against her estate for $2,000 upon this instrument, which was rejected by the executors, whereupon a reference was agreed to under the statute.   The referee correctly assumed that the recital of a consideration was sufficient to support the promise, in the absence of proof that, as a matter of fact, there was no consideration, and that the burden of proof was on the executors; but the referee held that that burden had been sustained, and that the instrument was without consideration, and therefore not enforceable.   The claimant testified that she was the wife of a son of the testatrix, and was working as a dressmaker; that some time before this agreement was made her husband had appropriated the funds of his employers, and consequently lost his position; that the claimant had paid $500 or $600 to reimburse her husband's employers; that in consequence of the loss of his posi-

tion the claimant had been compelled to support her husband. The claimant's husband testified that his mother collected upwards of $14,000 upon policies of insurance upon the life of her husband some time after this agreement was made and before her death; that after this agreement was executed the testatrix stated to the claimant's husband that she wanted the claimant to have some of the money collected upon the insurance, because he was not doing anything, and his wife thought she ought to get something from the testatrix; that her word was as good as gold, and that she would give her (claimant) that money, and that she had made out a document to that effect; that the claimant came to her and said she ought to do something for the claimant, as the witness was out of employment; that subsequently the testatrix had several conversations of that character; said that his wife need not be alarmed about the money, as she would get it "after father's death"; that this agreement to pay was in connection with the claimant's having supported the husband's family while he was out of employment, and that the claimant had paid all expenses for his support out of her earnings. It seems that subsequent to the execution of this agreement the testatrix repaid the claimant the amount that she had paid on account of her husband's defalcation, but that the claimant had expended for the support of her husband more than $2,000. Mr. Timm, who prepared this agreement, testified that on the day the instrument was executed he called upon the claimant at the request of the testatrix to talk over the matter of the testatrix making some reimbursement for the moneys expended by her on account of her husband; that the claimant said that she would be satisfied if she got a promise from her mother-in-law that the mother-in-law would leave her $2,000 out of whatever insurance money came to the mother-in-law from her husband's estate; that in pursuance of this statement he prepared the instrument in question, which was executed by the testatrix, and returned, with the agreement executed, to the claimant, and delivered it to her; that the claimant stated to him that she did not consider it right that she should be compelled to have paid this money for her husband, and that she should be compelled to work for her husband and support the family; and that under the circumstances she thought it no more than fair that the mother-in-law, who had or would get the money, should do something for her. Mr. Timm subsequently testified that the consideration as stated between himself and the claimant was something entirely in the past; that nothing was said by her as to anything to be done, performed, or paid by her in the future after the execution of this agreement. The claimant testified that when Mr. Timm came to her it was agreed that she was to have this promise to pay "for supporting my husband. My father-in-law and mother-in-law were rich, and I was poor. My first husband had been sick, and I had supported him, and I didn't want to support another husband." And after signing the paper she had supported her husband from her earnings as dressmaker until after the testatrix's death.

Taking this testimony as a whole, I do not think it was sufficient to overcome the presumption which attached by the recital in the agreement that it was based upon a valuable consideration. The

testatrix's son was without employment, and unable to perform the obligation of supporting himself and his family. His wife, by working at her trade, was able to earn the money necessary, not only for her own support, but for that of her husband. According to Mr. Timm's testimony, she said that she ought not be compelled to support her husband out of her own earnings when his parents were rich and she was poor. The obligation to assist her in the support of her husband was recognized by the testatrix, and she executed this agreement, by which, out of a fund that she was to receive from insurance on her husband's life, she agreed to pay to the claimant this sum of money. It may well be that in the conversation between the claimant and Mr. Timm the claimant referred to the amount that she had already paid for the support of her husband, but from the whole testimony it is clear that it was not so much to recover back the money that she had already spent as to receive some assurance that, if she should continue to support her husband, the parents would assume a portion of that burden by agreeing that upon the death of the testatrix the claimant would receive the sum of $2,000; and the evidence is undisputed that, acting upon that promise, she continued to support her husband, the son of the testatrix, to the time of the testatrix's death. I do not think that an agreement which recites a valuable consideration, executed under those circumstances, can be said to be without consideration. While there was no legal obligation of this testatrix to contribute to the support of her son, neither was there a legal obligation of the wife to support him; and when the parent, recognizing the moral obligation to care for her son, agreed with her son's wife to pay her $2,000 to assist in the support of the son, and after that agreement was executed the wife furnished that support from the money that she earned, and continued to support the son, there is certainly a sufficient consideration for the promise. It is quite true, as stated by the testatrix in her will, that she received no consideration for this agreement; but the consideration was the continued support by the claimant of the testatrix's son. There would be no question but there was a sufficient consideration if the relation of husband and wife had not existed between the testatrix's son and the claimant. If a third party had accepted this agreement under the circumstances here detailed, and had supported the testatrix's son down to the death of the testatrix, it would not be doubted but that a sufficient consideration existed for the promise; and I cannot see that the fact that the son of the testatrix was the husband of the claimant affects the question of consideration. There is no substantial dispute about the facts, and upon Mr. Timm's own statement of the arrangement under which this instrument was executed and delivered I think there is a sufficient consideration to sustain the promise, as it was based upon the objection of the claimant to continuing to support the son of the testatrix, and it was to insure that continued support that the agreement was executed and delivered.

I think the judgment should be reversed, and a new trial ordered before another referee, with costs to appellant to abide event. All concur.