(45 Misc. Rep. 74)

BUSH v. WHITAKER.

(Supreme Court, Special Term, Oswego County.   September, 1904.)

1. WILL—AGREEMENT TO BEQUEATH—SPECIFIC PERFORMANCE.
     An uncle wrote his nephew, stating that he would leave one-half of his
     property to him if there was no change in his family, but that he had
     willed him $1,000, and desired him to "get up" a cane that would be good
     enough for the nephew after the uncle got through with it, "and I will
     leave the cane and $1,000 with it when I get through. Keep this note."
     The uncle accepted a cane furnished by the nephew, and used it for
     many years, but did not leave $1,000 to his nephew, but substantially all
     of his property to an adopted daughter, who was amply provided for
     without the $1,000.   Held, that the nephew was entitled to specific per-
     formance of the contract created by the letter.

Action by Frank Delos Bush against Ida A. Whitaker, executrix, for
specific performance.   Judgment for plaintiff.

John C. Trolan, for plaintiff.
Rogers & Atwell, for defendant.

WRIGHT, J.   This action was tried before the court without a
jury.   The relief demanded is a specific performance of an alleged con-
tract to make a bequest based on the following letter:

"Delos, if there is not any change in my family, I shall leave one-half of
what I have for you, but have willed you $1,000—now I want to say to you
—you get me up a cane that will be good enough for you when I get through
with, and I will leave the cane and $1,000 with it when I get through.
Keep this note.
"Dated Antwerp, September 2, 1868.                          E. Fulton."

The plaintiff furnished the cane.   It was made of rosewood, and had
a 22-carat gold head, which was ornamented with figures and gold
quartz.   It was inscribed, "Frank to Uncle E. Fulton."

That one may make a valid contract to leave property by will is well
settled, and equity in such a case will compel a specific performance
thereof.   See Rood, Wills, §§ 54, 57; 2 Beach, Mod. Eq. Juris. § 602;
Schouler, Wills (3d Ed.) § 454.   See, also, for review of the subject,
note to Johnson v. Hubbell, 66 Am. Dec. 784.

The measure of damages for failure to devise as contracted is the
value of the property agreed to be given.   2 Joyce, Dam. § 1376; 8
Am. & Eng. Encyc. of Law (2d Ed.) 1020.

In the case at bar we have a clear, definite, deliberate agreement in
writing, which has been performed by the promisee, and performance
accepted by the promisor.   There is no evidence of the slightest fraud,
duress, or undue influence.   The evidence, indeed, points most strongly
the other way.   The plaintiff was a favorite nephew of the testator.
He lived as a member of his family for years.   When he left the home
of his uncle, their affection still continued.   They corresponded, and
we find in the letter of September 2, 1868, the uncle's declaration that,
if there is no change in his family, he will leave one-half of his estate
to the plaintiff.   It cannot be doubted that at the time this letter was
written the testator intended to bind himself to will $1,000 to the
nephew if he furnished the cane.   This is an induction from the follow-
ing facts:   The letter, written and signed, bears the stamp of deliber-

ation;. the admonition to keep the note; the attachment of the testator to his nephew; his intended additional generosity in the event of no change in his family; and finally the important fact that,. after the cane was received, the testator considered that his nephew had per-formed his part of the contract according to the original plain intention of the parties.

The decedent was pleased with the cane. He showed it to people, telling them from whom it came. The witness Waite testified:

"He [the testator] often showed the cane in the store to people, and told them how he got it. He told me he had written Delos that if he would get up a cane such as he would want to use, and send it to him, that he would give him or will him a thousand dollars. I think he said 'will,' if I remember right—a thousand dollars. He told me Delos sent the cane, and that that was the cane that he sent him."

The testator used the cane for 27 years, and bequeathed it to an-other. It was valued at $40. The value of the use of a jeweled cane like the one in this case, at compound interest, would be $192.88; mak-ing the total money value received about $232.88.

The contract is not void because of inadequacy of consideration. The promisee acted on the faith of the promise, and in accordance with it, to the satisfaction of the promisor. This was a sufficient consider-ation to uphold the promise to will the amount stated, in the absence of any fraud, duress, or undue influence, or other forceful reasons. As to the value of the cane to the testator, who can say? A court cannot say, in view of the circumstances of this case—the peculiar nature of the transaction—that, for reasons of particular sentiment, and as an object of pretium affectionis, the cane was not, in the opinion of the testator, of the value of $1,000. The testator alone could declare its value to him. This he did by accepting, keeping, and using it under his promise.

Judge O'Brien, in Godine v. Kidd, 64 Hun, 585, at page 591, 19 N. Y. Supp. 335, at page 339, states the rule as to consideration which is applicable to this case: ·

"If there be any consideration, the court will not weigh the extent of it. It has no means of scrutinizing the varied hidden motives and reasons that may have influenced the parties and induced them to enter into the contract, nor can it determine upon the prudence or propriety of the transaction. * * * The adequacy of the consideration is for the parties to consider at the time of making the agreement, not for the court when it is sought to be enforced."

Judge Church, in Earl v. Peck, 64 N. Y. 596, says:

"Mere inadequacy of consideration, except as a circumstance bearing upon the question of fraud, or undue influence, is not a defense to a note."

And as an illustration he says:

"A note for one thousand dollars given for a horse confessedly worth but one hundred dollars cannot be successfully defended, in whole or in part, on the ground of a want or failure of consideration."

In Yarwood v. Trust & Guarantee Co., 94 App. Div. 47, 87 N. Y. Supp. 947, a note for $5,000, payable at the decease of the maker, was enforced against the estate. The consideration shown was the nursing and harboring of the deceased for a few days. Judge Hiscock, writ-ing the opinion of the court, says:

"He [the maker] had the right for himself to measure and fix their value, and pay accordingly. It is well settled that courts will not overturn an obligation of this kind because they may think that the promisor has paid too liberal a price for what he received."

As was said by Chancellor Williamson, quoted in Parsell v. Stryker,. 41 N. Y. 480:

"It may be unwise for a man to embarrass himself as to the final disposition of his property, but he is the disposer by law of his own fortune, and the sole and best judge as to the manner and time of disposing of it."

In Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693, the testator agreed with his nephew that if he would refrain from using tobacco, etc., till he was 21 years old, he would give him $5,000. The contract was held valid. Talbott v. Stemmons, 89 Ky. 222, 12 S. W. 297, 5 L. R. A. 856, 25 Am. St. Rep. 531, 1 Keen. Cont. 361, is a similar case. See Worth v. Case, 42 N. Y. 362; Lawrence v. McCalmont, 2 How. (U. S.) 426, 11 L. Ed. 326; 2 Pom. Eq. Juris. § 926; 2 Beach, Mod. Eq. Juris. § 574; 11 Am. Dig. (Cent. Ed.) col. 1339. An executed contract will not be set aside for inadequacy of consideration which is not so gross as to raise a presumption of fraud, where no fraud is otherwise charged. Matthews v. Crockett, 82 Va. 394. A written promise, in consideration of $1 and other valuable consideration (which appeared to be the support of promisor's son by promisee, the son's wife), to will $2,000, was enforced. Matter of Steglich, 91 App. Div. 75, 86 N. Y. Supp. 257. See, also, Le Vie v. Fenlon, 39 Misc. Rep. 265, 79 N. Y. Supp. 496; Rhoades v. Schwartz, 41 Misc. Rep. 648, 85 N. Y. Supp. 229. The principle stated by Anson seems applicable to this case. He says:

"So long as a man gets what he has bargained for, courts will not ask what its value may be to him, or whether its value is in any way proportionate to his act or promise given in return. Neither will they ask whether the thing which forms the consideration is of any substantial value to any one." Anson, Cont. 63.

The defendant urges that the conditions of the alleged proposal were not fulfilled, in that the cane was not "gotten up" by the plaintiff; that the testator desired the personal handiwork of the plaintiff. The plaintiff was a clerk. He was neither a skilled artist nor a manufacturer of canes; neither was he a dealer in them. It seems unreasonable to suppose that the testator expected the plaintiff to cut a rosewood stick, polish, stain, and ornament it, supply it with a steel ferrule, and fit it with a figured gold head, decorated with inscriptions and gold-bearing quartz. This called for an expert workman. The testator wished a nice cane from his nephew. His ordering it or selecting it or designing it was all the personal skill that could reasonably be expected of the plaintiff. This he gave. Besides, the testator accepted the cane, and carried it for over a quarter of a century, and so must be held to have waived any objections he might have had to it.

It is contended that the letter of the deceased cannot be construed to mean that the testator contracted to "will" any property. In the light of the context, it seems quite clear that "leave" was used in the sense of "will." This view is strengthened by the testator's own interpretation of the letter. He tells witness Waite that he had written Delos

that he would "will" him a thousand dollars if he would get him up the cane. Further, the word "leave," as applied to the subject-matter, prima facie means a disposition by will. See sub nom. "leave," Black's Law Dictionary, citing 10 East, 438. See, also, the Columbian Cyclopedia, Century Dictionary, Standard Dictionary, Webster's Dictionary, American Encyclopedic Dictionary, and the Universal Encyclopedic Dictionary.

It is claimed that the alleged proposal must be taken subject to the first clause of the letter, viz., "If there is not any change in my family." But that condition clearly relates to the second clause, in which he proposes to leave him one-half of the property.

There are two cases that may be noticed at this point. The first is Owens v. McNally, 113 Cal. 444, 45 Pac. 710, 33 L. R. A. 369, where an unmarried man contracted to give all his property to his niece if she would take care of him. Later he married, and died without performing his agreement. The court refused to enforce the contract because the rights of an innocent third party had intervened, and hardship would result to the widow. The second is Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332, where performance was refused on the ground that the contract was indefinite, lacked mutuality, and deprived the future wife and children of the entire estate. The case at bar is different from these cases. Here the contract was not to will all the property. The wife did not survive. No child of the testator survived. The agreement was in writing, was definite, deliberate, mutual, and supported by sufficient consideration. It does not appear that the interests of the adopted child will be reduced by the enforcement of this contract to the extent of being a hardship upon her. The will, after a few minor legacies, leaves all the property to her. For all that appears, she is abundantly provided for, after the payment of this claim. In Healy v. Healy, 55 App. Div. 315, 66 N. Y. Supp. 927, affirmed 166 N. Y. 624, 60 N. E. 1112, the court decreed specific performance of the contract to will plaintiff a child's share of an estate, even though a child was subsequently born to the promisor, which was thereby deprived of one-half the estate. It may be noticed that in Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647, a written agreement by a childless person to make an infant her sole heir in consideration of the absolute control and custody over him was enforced. The contract to will property in Mahaney v. Carr, 175 N. Y. 454, 67 N. E. 903, was not enforced because it lacked mutuality and was indefinite. Relief was refused for the same reason in Pattat v. Pattat, 93 App. Div. 102, 87 N. Y. Supp. 140. Specific performance was denied in Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, because the evidence did not establish a contract to will.

I think the written contract of the decedent herein, being definite, mutual, and in all respects as he intended it should be at the time of making it, and being free from all suspicion of fraud or undue influence, and supported by a sufficient executed consideration to the satisfaction of the decedent, should be enforced out of the estate. Judgment should be rendered in favor of the plaintiff, without costs, for the relief demanded in the complaint.

Judgment for plaintiff, without costs.